IN THE UNITED STATES BANKRUPTCY COURT FOR THE
WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| IN RE: ) | |
| ) | |
| DAVID W. WENDT, SR. and ) | Bankruptcy Case No. |
| DENISE K. WENDT, ) | 05-42042-drd |
| Debtors. ) | |
| ) | |
| AUTO MART, INC., ) | |
| Plaintiff, ) | |
| v. ) | Adversary No. 06-4087 |
| ) | |
| DAVID W. WENDT, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM OPINION

This adversary comes before the Court on the Motion for Summary Judgment ("Motion") filed by plaintiff Auto Mart, Inc. ("Plaintiff") against David W. Wendt ("Defendant" or "Debtor"). Plaintiff seeks that the debt owed to it by Debtor be deemed nondischargeable under 11 U.S.C. § 523(a)(2) and/or (a)(6). This is a core proceeding under 28 U.S.C. §157(b)(2)(I) over which the Court has jurisdiction pursuant to 28 U.S.C. §§ 1334(b), 157(a) and (b)(1). The following constitutes my Findings of Fact and Conclusions of Law in accordance with Rule 7052 of the Federal Rules of Bankruptcy Procedure. For the reasons set forth below, the Court denies Plaintiff's Motion for Summary Judgment.

### I. STANDARD FOR SUMMARY JUDGMENT

Federal Rule of Bankruptcy Procedure 7056( c), applying Federal Rule of Civil Procedure 56 ( c), provides that summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that

there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); Fed. R. Bankr. P. 7056; *Celotex v. Catrett*, 477 U.S. 317, 322 (1986). The party moving for summary judgment has the initial burden of proving that there is no genuine issue as to any material fact. *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 161 (1970). Once the moving party has met this initial burden of proof, the non-moving party must set forth specific facts sufficient to raise a genuine issue for trial, and may not rest on its pleadings or mere assertions of disputed facts to defeat the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986). "A 'genuine issue' in the context of a motion for summary judgment is not simply a 'metaphysical doubt as to the material facts'." *Id*. Rather, "a genuine issue exists when the evidence is such that a reasonable fact finder could find for the non-movant." *Buscaglia v. United States*, 25 F.3d 530, 534 (7th Cir.1994). When reviewing the record for summary judgment, the court is required to draw all reasonable inferences in favor of the non-movant; however, the court is "not required to draw every conceivable inference from the record-only those inferences that are reasonable." *Bank Leumi Le-isreal, B.M. v. Lee*, 928 F.2d 232, 236 (7th Cir.1991).

     Summary judgment must be granted with caution when a party's mental state or intent is at issue, as usually such issues raise questions for determination by a factfinder. *United States v. One 1989 Jeep Wagoneer,* 976 F.2d 1172, 1176 (8th Cir. 1992). Questions involving a person's state of mind are generally factual issues inappropriate for resolution by summary judgment. *In re Fishman,* 215 B.R. 733, 735 (Bankr. E.D. Ark. 1997) (denying summary judgment for causes of action under § 727(a)); *In re Earhart,* 68 B.R. 14, 17 (Bankr. N.D. Iowa 1986) (surmising it is highly unlikely summary judgment in a § 523(a)(2) action would ever be appropriate).

## II.  FACTUAL BACKGROUND

Beginning in 2003, DDX, L.L.C., of which Debtor was co-owner, rented office and lot space from Plaintiff.  Defendant's Affidavit, ¶4, 6 & 7.   Between December 15, 2004 and February 4, 2005, DDX sold three vehicles to Plaintiff for $28,180.  Suggestions in Support of Summary Judgment Motion, Exhibit 2.  Defendant failed to transfer the certificates of title on the vehicles to Plaintiff.  Suggestions in Support of Summary Judgment Motion, Exhibit 1, pp. 65-71; Exhibit 3.   Plaintiff paid $15,000 to the secured lenders in order to obtain a lien release and certificates of title on the vehicles.  Suggestions in Support of Summary Judgment Motion, Exhibit 3.

On March 30, 2005, Debtor filed a bankruptcy petition and on March 6, 2006, a complaint to determine the dischargeability of debt under 11 U.S.C. § 523 (a)(2) and (a)(6) was filed by Plaintiff against Debtor.  On July 10, 2006, Plaintiff filed a motion for summary judgment.  On August 18, Debtor filed a response to the motion for summary judgment, to which Plaintiff replied on September 1, 2006.

## III.  DISCUSSION AND ANALYSIS

### A.  Personal Liability

The Court must first determine whether Debtor can be found liable on the debt since the transactions were done in the name of the corporation.  Debtor argues that the transactions at issue were between DDX, L.L.C. and Plaintiff and therefore only DDX and not Debtor can be liable to Plaintiff.

This defense overlooks the significant principle of corporate law that officers and directors of corporations are personally liable to the extent that their tortious acts result in harm

to a third party. *United States v. Foust (In re Foust),* 52 F.3d 766, 769 (8th Cir.1995); *Ford Motor Credit Co. v. Owens,* 807 F.2d 1556, 1559 (11th Cir.1987); *Mercury Marine Acceptance Corp. v. Wheeler (In re Wheeler),* 96 B.R. 201, 204 (W.D. Mo. 1988) (citing *Boyd v. Wimes*, 664 S.W.2d 596, 598 (Mo. Ct. App. 1984) (corporate officer may be held personally liable for conversion when he "has actual or constructive knowledge of the actionable wrong and...participates therein.")); *John Deere Co. v. Deresinski (In re Deresinski),* 216 B.R. 995 (Bankr. M.D. Fla. 1998) (holding debtor personally liable for conversion of proceeds of sale of equipment by corporation over which debtor had complete control); *Central Fidelity Bank v. Higginbotham (In re Higginbotham),* 117 B.R. 211 (Bankr. E.D. Va. 1990) (ruling that debts from sales of collateral automobiles out of trust by debtor's corporation resulted from willful and malicious injury by debtor and were nondischargeable).

The court in *In re Sobel*, 37 B.R. 780, 786 (Bankr. E.D.N.Y. 1984), stated that "[n]othing is more commonplace than for the owners of a small closely-held corporation, to engage in fraud for the benefit of the corporation rather than for themselves directly. That a corporation is the beneficiary does not make the fraud any less." *See also, In re Dallam*, 850 F.2d 446, 449 fn 2 (8th Cir. 1988). Therefore, it is possible that Debtor could be held personally liable on the transaction at issue if he either participated in it or benefitted by it. However, the facts necessary to establish Debtor's personal liability are controverted and that matter must be decided after an evidentiary hearing.

### B. Fraud as a Matter of Law

Secondly, Plaintiff argues that Debtor's failure to provide a title to the vehicles within five days from the sale constituted fraud as a matter of law under Missouri law, specifically Mo.

4

Rev. Stat. § 301.210 (4)[1]. Thus, Plaintiff asserts, fraud is established and the debt should be found to be nondischargeable under § 523(a)(2). To support this proposition Plaintiff cites *Ryan v. Jenkins (In re Jenkins)*, 249 B.R. 532 (Bankr. W.D. Mo. 2000). In that case the Court found that the defendant had violated the same Missouri certificate of title statute, thus establishing fraud as a matter of law. However, the *Jenkins* court also went on to examine each element of common law fraud and found that the plaintiff had also established that defendant had committed common law fraud and thus, the debt was nondischargeable under § 523 (a)(2).

Under § 523 (a)(2) a creditor must prove that "the debtor made a false representation with the purpose and intention of deceiving the creditor; the creditor relied on such representation; his reliance was reasonably founded; and the creditor sustained a loss as a result of the representation." *Tesmetges v. Tesmetges (In re Tesmetges)*, 86 B.R. 21, 24 (E.D.N.Y. 1988) (citing *In re Hunter*, 780 F.2d 1577, 1579 (11th Cir. 1986)). That court found, and this Court agrees, that proof of implied fraud is not enough to establish the nondischargeability of a debt under § 523 (a)(2). Each element of common law fraud must be proved in order to deny a debtor a discharge under § 523 (a)(2). *See In re Bombard*, 59 B.R. 952, 954 (Bankr. D. Mass. 1986); *see also, Harmon v. Kobrin (In re Harmon)*, 250 F.3d 1240, 1249 fn 10 (9th Cir. 2001) (stating a finding of constructive fraud insufficient to establish fraud under 523 (a)(2)(A) because it is necessary to prove deliberate or intentional fraud under that section); *Movtiz v. Maricopa County (In re Ball)*, 257 B.R. 309, 314 fn 9 (Bankr. D. Ariz. 2001) (finding states are

---

[1]The relevant portion of the statute provides: "It shall be unlawful for any person to buy or sell in this state any motor vehicle or trailer registered under the laws of this state, unless, at the time of the delivery thereof, there shall pass between the parties such certificates of ownership with an assignment thereof, as provided in this section, and the sale of any motor vehicle or trailer registered under the laws of this state, without the assignment of such certificate of ownership, shall be fraudulent and void."

not free to determine what constitutes fraud for purposes of discharge).

Because violation of the Missouri statute establishes fraud as a matter of law, some elements of common law fraud, specifically intent and reliance, need not be established to prove liability under the statute. Thus, even if Debtor were found guilty of fraud under the Missouri certificate of title statute, such finding of constructive fraud is not sufficient to prove the elements necessary to establish an exception to discharge under § 532(a)(2).

### C. Fraud as a Matter of Fact

As noted above, to succeed in an action under § 523(a)(2)(A) the creditor must prove the following elements: (1) that the debtor made false representations; (2) that at the time made, the debtor knew them to be false; (3) that the representations were made with the intention and purpose of deceiving the creditor; (4) that the creditor reasonably relied on the representations; and, (5) that the creditor sustained the alleged injury as a proximate result of the representations having been made. *In re Van Horne*, 823 F.2d 1285, 1287 (8th Cir. 1987), as modified by *In re Ophaug*, 827 F.2d 340, 343 (8th Cir. 1987); *In re Newell*, 164 B.R. 992, 995 (Bankr. E.D. Mo. 1994); *In re Anderson*, 181 B.R. 943, 948 (Bankr. D. Minn. 1995).

In order to obtain summary judgment on the fraud claim, Plaintiff would have to demonstrate that there was no genuine issue of fact as to each of these elements of fraud with respect to each of the three transactions in which the parties engaged. The Court believes that the record falls short of that. Plaintiff's argument is that Defendant agreed (promised) to use the funds provided by Plaintiff to pay the existing liens on the vehicles and provide clear title. In order to prevail, Plaintiff would need to demonstrate that Defendant had no intention of fulfilling that promise at the time that it was made or knew he lacked the ability to do so. The record

contains very little evidence on the financial condition of the Defendant's corporation at the time of the transactions other than general suggestions that it was having financial difficulty. On the question of whether Debtor intended to fulfill his promise, Plaintiff cites testimony from the Rule 2004 examination to the effect that he knew at the time of receipt of funds from Plaintiff that he would not be able to immediately provide titles to the Plaintiff on the vehicles. From that it asks the Court to infer that Debtor, therefore, lacked the intent to do so.

The Court has examined the evidence and finds that Defendant's admissions show that he may have known that he would not be able to clear the titles and deliver them at the time of receipt of funds from Plaintiff, but does not establish that he would have been unable to do so later and knew that at the time that he accepted payment. Ex. 1; Rule 2004 Examination of David W. Wendt, pp. 68-69. Moreover, drawing the inference Plaintiff would have the Court draw from this evidence is inappropriate in the summary judgment context, especially since Defendant contends in his affidavit that he had a reasonable expectation of paying the liens and providing the title and intended to do so. Although such conclusions may be drawn from the totality of evidence in a given case, and the intent may be inferred, the testimony offered of the deposition of Debtor does not support this motion for summary judgment. *See, e.g., In re VanDyke*, 205 B.R. 587, 589 (Bankr. W.D. Mo. 1987). In the matter here, there remain material issues of fact as to Debtor's state of mind which are necessary to this Court's determination of whether the debt is non-dischargeable under § 523(a)(2)(A).

In order to obtain summary judgment, Plaintiff would also have to establish that there is no genuine issue of fact as to his reasonable reliance upon Defendant's promise to pay the liens and clear the titles. Defendant raises a factual question as to the reasonableness of such reliance,

contending that Plaintiff was aware at the time of the transactions that Defendant's company was in financial distress and also that it initiated additional transactions to acquire vehicles from Defendant, despite not having timely received a clear title to the vehicle involved in the parties' first transaction included in Plaintiff's claims.  Plaintiff responds by noting, among other things, that Debtor claimed that he had a reasonable expectation of being able to satisfy the liens and intended to do so.  Plaintiff asserts that if that were the case, it would be entirely reasonable for Plaintiff to rely upon Debtor's promises.  Of course, it is also true that if that is the case, Plaintiff would not prevail because it would have failed to establish Debtor's fraudulent intent.  These issues are clearly linked to one another.  Plaintiff then observes that Defendant has also contended that over time numerous transactions occurred between Plaintiff and Debtor and that Debtor had always provided clear titles to the vehicles purchased.  If so, Plaintiff posits its reliance was therefore  reasonable.  Of course, this begs the question as to whether the financial circumstances of Debtor's corporation had so changed as of the time of one or more of these transactions that that reliance, if Plaintiff was aware of the situation, might not have been reasonable.  Finally, Plaintiff asserts, in a supplemental affidavit, that Debtor often delayed days or weeks in making the payments necessary to provide clear title to vehicles purchased.  The assertion is somewhat conclusory and how frequent those delays were and whether they were comparable to the intervals involved in the transactions in question remains a matter to be ascertained at trial.

### D. Conversion

Plaintiff also moves for summary judgment under section 523(a)(6) of the Bankruptcy Code which provides :

> (a) A discharge under section 727, 1141, 1228(a), 1228(b) or 1328(b) of this title

> does not discharge an individual debtor from any debt-
>
> . . .
>
> (6) for willful and malicious injury by the debtor to another entity or to the property of another entity.

11 U.S.C. § 523(a)(6).

Under § 523(a)(6), a debtor is not discharged of any debt for "willful and malicious injury" to another. *Johnson v. Fors*, 259 B.R. 131, 137 (B.A.P. 8th Cir. 2001). In the Eighth Circuit, the terms "willful" and "malicious" are two distinct elements, each of which must be shown to establish an exception to discharge. *Fisher v. Scarborough (In re Scarborough)*, 171 F.3d 638, 640 (8th Cir. 1999).

In Count II, Plaintiff contends that Debtor converted the funds it supplied to Debtor to be used to pay existing liens on the vehicles and clear the titles. While Plaintiff may have a claim for conversion under state law, a mere technical conversion does not necessarily satisfy the requirements for nondischargeability under § 523(a)(6). *See Barclays American Business Credit, Inc. v. Long (In re Long)*, 774 F.2d 875 (8th Cir. 1985) (finding conversion of property alone not enough to prevent discharge of debt). Plaintiff must also demonstrate, pursuant to the terms of that statute, that the injury to its property was willful and malicious. In the brief in support of its motion for summary judgment, plaintiff fails to articulate how those elements are established by the evidence in the record.

### 1. Willfulness

In *Long,* 774 F.2d at 881, the Eighth circuit defined "willful" as "headstrong and knowing" conduct. The United States Supreme Court addressed the term "willful" for purposes

of

§ 523(a)(6) and concluded that:

> The word "willful" in (a)(6) modifies the word "injury," indicating that nondischargeability takes a deliberate or intentional *injury*, not merely a deliberate or intentional act that leads to injury .... the (a)(6) formulation triggers in the lawyer's mind the category of "intentional torts," as distinguished from negligent or reckless torts.

*Kawaauhau v. Geiger*, 523 U.S. 57, 61 (1998) affirming the Eighth Circuit's opinion in *Geiger v. Kawaauhau (In re Geiger)*, 113 F.3d 848, 852 (8th Cir.1997) (en banc) (debt cannot be exempt from discharge unless it is based on an intentional tort); *Adams v. Zentz*, 157 B.R. 141, 144 (Bankr. W.D. Mo. 1993).

Many of the same observations made above with respect to the evidence on Debtor's intent to deceive are pertinent here with respect to the requirement of § 523(a)(6) that Plaintiff demonstrate that Debtor intended to injure Plaintiff. For many of the same reasons, the Court does not believe that Plaintiff has established that Debtor intended to injure Plaintiff and that there is a genuine issue of fact on this element of its claim.

### 2. Maliciousness

Had the Court determined that Debtor's actions were willful, the Court would also have to address the question of whether they were also malicious. In order to have a meaning independent from willful, "...malice must apply only to conduct more culpable than that which is in reckless disregard of creditors' interests and expectancies." *Erickson v. Halverson (In re Halverson)*, 226 B.R. 22, 26 (Bankr. D. Minn.1998) (citing *Long*, 774 F.2d at 881). "An injury is malicious when the debtor intended to harm the creditor at least in the sense that the debtor's

tortious conduct was certain or almost certain to cause harm." *Stage*, 321 B.R. at 493 (citing *Waugh v. Eldridge (In re Waugh)*, 95 F.3d 706, 711 (8th Cir. 1996)); *see also e.g., Miera* 926 F.2d at 743; *Mercury Marine Acceptance Corp. v. Wheeler (In re Wheeler)*, 96 B.R. 201, 205 (Bankr. W.D. Mo.1988); *Cassidy v. Minihan*, 52 B.R. 947, 950 (W.D. Mo. 1985). "Malicious for purposes of § 523(a)(6) means that the debtor targeted the creditor to suffer the harm resulting from the debtor's intentional, tortious act." *Halverson*, 226 B.R. at 26. "A wrongful act is malicious if...there exists a 'knowing wrongfulness or knowing disregard of the rights of another'." *Fors*, 259 B.R. at 137 (citing *Erickson v. Roehrich (In re Roehrich)*, 169 B.R. 941, 945 (Bankr.D.N.D.1994)).

This Court may consider both direct evidence of Debtor's subjective state of mind and evidence of the surrounding objective circumstances, and then may make appropriate inferences as to whether Debtor harbored the proscribed intent. *In re Long*, 774 F.2d 875. In this case, these determinations can be made only after full evidentiary development, with opportunity for cross-examination. This matter, therefore, must proceed to trial on the issue of whether Debtor acted willfully and maliciously in failing to transfer title to the vehicles to Plaintiff.

## V.  CONCLUSION AND ORDER

For all the reasons cited above, the Court denies Plaintiff's Motion for Summary Judgment.

A separate Order will be entered in accordance with Bankruptcy Rule 9021.

Dated:     November 13, 2006             /s/ Dennis R. Dow
                                                        THE HONORABLE DENNIS R. DOW
                                                        UNITED STATES BANKRUPTCY JUDGE

Copies to:

Bruce E. Strauss
Robert P. Laing, Jr.